SCHOTT, Chief Judge,
dissenting:
With all due respect to my colleagues in the majority whose decision to remand the case for additional evidence has a great deal of merit, I do not think this result is warranted under the circumstances.
First, the trial court’s decision that the Act of Surrender was valid was based primarily upon credibility evaluations and factual determinations which are not readily susceptible to change on appeal. Appellant’s argument that the trial court erred in failing to recognize that she produced an expert witness in her behalf is without merit. The issue in this case was appellant’s mental capacity to make a free and voluntary surrender. Appellant’s expert, a social worker, was not the type of expert who could properly assess appellant’s mental capacity. Thus, the trial judge’s comment that appellant failed to produce an expert, meaning an appropriate expert to *1218 address the issue before the court, was correct.
Appellant testified at times that she was forced to sign the Act of Surrender and at other times that she thought she was signing an Act of Sale. This is inherently contradictory. In the first instance she knew what the Act of Surrender said and what it meant while in the second instance she didn’t know what it was. This provided the trial judge with a strong basis to decide the case on credibility. Furthermore, the trial judge had the opportunity to observe the appellant and listen to her testimony. This placed the judge in an excellent position to evaluate the ability of the appellant to understand the nature of the Act of Surrender. A remand of the case for additional evidence on the point will add very little if anything. In the final analysis it will do no more than require the trial judge to do what she has already done— make a factual determination.
As to the taking of the additional evidence regarding the April 17, 1990, confidential report from the Department of Social Services, the social worker who visited appellees’ home and made the report may testify but that testimony will undoubtedly be substantially the same as the report. As I read it, the report simply does not recommend against custody in appellees notwithstanding that a question of their suitability as custodians had been raised in an earlier report.
Finally, I am strongly influenced by the statement of appellant’s counsel in oral argument before this court, that she was not seeking a remand for additional evidence but would rest her case on the present record. Only under extraordinary circumstances would I order a remand for additional evidence when neither counsel for the parties seeks such a result. I see no such extraordinary circumstances in this case.
I would affirm the judgment of the trial court.